No. 3182.—WILLIAM L. WYNN *v.* ELIZA C. PATRICK, Executrix.

A third purchaser of promissory notes, after maturity, stands in no better position than the original owner. Therefore, if the facts show that the original maker received an illicit currency for the notes, the third holder, after maturity, can not recover, even though he show that the maker used the illicit currency which he received for them in the payment of a valid obligation.

APPEAL from the Fifth District Court, parish of West Baton Rouge. *Posey, J.　Favrot & Lamon* and *Clifford Belcher*, for plaintiff and appellant.　*Clarke, Bayne & Renshaw*, for defendant and appellee.

HOWE, J.　This action was instituted against the executrix of J. C. Patrick upon two notes of the decedent.　There was judgment in favor of defendant in the court below, and plaintiff has appealed.

The record clearly shows that Patrick made the notes in suit to the order and for the accommodation of A. D. Kelly & Co.; that A. D. Kelly & Co. pledged them to the Bank of Louisiana as collateral security for a loan by the bank of " Confederate money," and that, about three years afterwards, and long after maturity, they were purchased by the plaintiff from the bank.

It is certain that A. D. Kelly & Co. could not have successfully sued Patrick on these notes.　It seems certain that, under the decisions of this court since 1865, the bank, giving nothing but Confederate paper for notes to which the obligations in suit were collateral, could not have recovered from Patrick on those collaterals.　It follows that the plaintiff, purchasing long after maturity and legally put on his guard, can have no better rights than the bank. ·

It matters not that the Confederate notes, loaned to A. D. Kelly & Co. in December, 1861, and March, 1862, by the bank, on the pledge

of the obligations in suit, were used by Kelly & Co. to take up previous valid obligations of the pledgers. The jurisprudence of the State on the subject is founded on the theory that Confederate notes were an illicit currency; that the dealings in them were *contra bonos mores*, and that the parties so dealing would be left by the court precisely where they had placed themselves. It is immaterial, then, what A. D. Kelly & Co. did with the reprobated currency which they received from the bank by discount on pledge of notes in suit.

Judgment affirmed.

Rehearing refused.